153 F.3d 726
 98 CJ C.A.R. 3631
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eric BAYER, Plaintiff--Appellant,
v.
CRESTED BUTTE MOUNTAIN RESORT, INC., Defendant--Appellee.
 No. 96-1269.
June 30, 1998.
 
 Before ANDERSON, LUCERO, and MURPHY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 This appeal involves the standard of care governing the duty owed by ski lift operators in Colorado to users of those lifts, like appellant Eric Bayer, during the winter season. After oral argument, we determined that Colorado law contained no controlling precedent that would guide us in resolving that issue. By order dated April 14, 1997, we certified to the Colorado Supreme Court the following question:
 
 
 3
 What standard of care governs the duty owed by ski lift operators in Colorado to users of those lifts in the winter season? Separately, and more particularly, does the Colorado Passenger Tramway Safety Act and/or the Colorado Ski Safety and Liability Act preempt or otherwise supersede the pre-existing Colorado common law standard of care governing the duty owed by ski lift operators to users of those lifts in the winter season?
 
 
 4
 The Colorado Supreme Court has now answered the certified question, holding that "[a] ski lift operator must exercise the highest degree of care commensurate with the lift's practical operation, regardless of the season." Bayer v. Crested Butte Mountain Resort, Inc., No. 97SA145, 1998 WL 251485 at * 1 (Colo. May 18, 1998), modified on denial of rehearing, June 22, 1998. The Colorado Supreme Court has denied the petition for rehearing in the case. Accordingly, the decision of the federal district court is vacated and the case is remanded to the district court for further consideration in light of the Colorado Supreme Court's "Certified Questions Answered," a copy of which is attached to this order and transmitted with this order to the United States District Court for the District of Colorado.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3